IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE EMANUEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-667-M (BT) |
| | § | |
| DWAYNE CARDEN, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this *pro se* civil rights action is a motion for summary judgment [ECF No. 64], filed by Defendant Dwayne Carden. For the following reasons, the Court should **GRANT** the Motion and dismiss Plaintiff's claims for failure to exhaust administrative remedies.

## BACKGROUND

Plaintiff Andre Emanuel alleges that Defendant,[1] a Detention Services Officer at the Dallas County Jail, used excessive force against him, when Plaintiff was confined at the jail following the revocation of his probation on felony theft

---

[1] Plaintiff's Complaint named "Officer Corgin" as his assailant, but Defendant represented to the Court that Dallas County did not have an employee by that name, and that Plaintiff was most likely referring to Detention Services Officer Dwayne Carden. *See* Compl. 4; Def.'s Resp. 1 [ECF No. 27].

1

charges and pending his transfer to a TDCJ facility. *See* Compl. 4 [ECF No. 1].
Plaintiff alleges that Defendant entered Plaintiff's cell on the morning of
December 25, 2014, grabbed Plaintiff by the neck, choked him, lifted him from
his bunk, and threw him to the floor. *See* Compl. 4. Plaintiff further alleges that
Defendant assaulted him for sexual reasons, because he is not "more masculine."
*See* Answers [ECF Nos. 15, 16, 22, 23, 42, 44, 48]. By this lawsuit, Plaintiff seeks:
(1) damages in the amount of $20 million; (2) a brand new car; (3) to have
Defendant and two other officers present at the scene of the alleged incident
banned from working as correctional officers in the state of Texas; and (4)
$3,000 dollars, to be deposited directly into his inmate trust account. *See* Compl.
4.

      Defendant has filed a Motion for Summary Judgment arguing that this
case should be dismissed because Defendant is entitled to qualified immunity,
and because Plaintiff failed to exhaust his administrative remedies. *See* Mot. 3-6
[ECF No. 64]. Plaintiff failed to file a response to Defendant's summary
judgment motion. The Court must therefore decide the motion without the
benefit of a response.

## STANDARD OF REVIEW

      Summary judgment is proper when "there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, the court is under no duty to sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988). Furthermore, a plaintiff's *pro se* status does not exempt him from meeting his burden with respect to a summary judgment motion. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

3

Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979))).

## ANALYSIS

The threshold issue raised by Defendant in his summary judgment motion is whether Plaintiff exhausted his administrative remedies prior to filing suit in federal district court, as required by the Prison Litigation Reform Act ("PLRA"). *See* Def.'s Mot. 5-6. Under the PLRA, "prisoners are required to exhaust administrative remedies before filing suit: 'No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing 42 U.S.C. § 1997e(a) (2000)). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Exhaustion is mandatory and is strictly construed. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).

4

The Dallas County Jail System Inmate Handbook establishes a two-step grievance procedure for inmates to complain about specific incidents. *See* Def.'s App. 6-7 & 38 [ECF No. 66]. At the first step, an inmate must submit a written grievance to the Inmate Grievance Board describing his specific complaint. *See* Def.'s App. 38. The Inmate Grievance Board then reviews the complaint and responds to the inmate. *See* Def.'s App. 38. If the inmate is dissatisfied with the Board's response, he may invoke the second step and appeal the Board's decision to the Detention Service Manager, Quality Assurance Unit.  *See* Def.'s App. 38. An inmate must pursue his grievance at both steps in order to exhaust his administrative remedies. *Alexander*, 351 F.3d at 630 ("[Prisoners] must exhaust such administrative remedies as are available, whatever they may be."); *see also Davis v. Fernandez*, 798 F.3d 290, 291, 294-95 (5th Cir. 2015) (describing two-step procedure at Dallas County Jail and recognizing exhaustion of both steps is required).

In this case, Plaintiff admitted in his Complaint that he did not exhaust the grievance procedures at the Dallas County Jail with respect to any alleged assault. *See* Compl. 3. The summary judgment evidence further shows that Plaintiff submitted only one "Inmate Grievance Complaint" during the pertinent incarceration at the Dallas County Jail. *See* Def.'s App. 6-7. Plaintiff's grievance concerned his personal property that was to have been placed in the vault at the

5

jail, and did not mention any alleged assault. *See* Def.'s App. 6-7. There is no

evidence that Plaintiff filed any grievance concerning any alleged use of force by

Defendant during the time Plaintiff was incarcerated at the Dallas County Jail.

Plaintiff apparently did complain of an alleged assault after he had been

transferred to a TDCJ facility. The record in this case shows that TDCJ forwarded

two complaints from Plaintiff to the Dallas County Jail, alleging that while

Plaintiff was incarcerated at the jail on December 25, 2014, an Officer "Cargin"

entered his cell, choked him, picked him up from his bunk by the neck, threw him

to the floor, and did not give him his prescribed breakfast food tray. Def.'s App. 6-

7. However, the record also shows that jail officials ordered an investigation of

Plaintiff's complaints. Def.'s App. 6-7. There is no evidence that Plaintiff ever

appealed the results of the investigation or pursued his grievance beyond the

initial step. Defendant is thus entitled to summary judgment on Plaintiff's claims

arising out of any alleged assault on December 25, 2014, because there is no

genuine dispute that Plaintiff failed to exhaust his administrative remedies.[2]

## **RECOMMENDATION**

The District Court should **GRANT** Defendant's Motion for Summary

Judgment [ECF No. 64], and dismiss Plaintiff's claims without prejudice for

---

[2] This determination pretermits the need to address the qualified immunity arguments advanced in Defendant's motion.

failure to exhaust administrative remedies.

**SO RECOMMENDED**.

May 29, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).